# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3854 | **DATE** | 3/2/2000 |
| **CASE TITLE** | Mary DeSloover vs. Richard C. Daniels et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendant Daniel's motion to dismiss the plaintiff's complaint is granted [68-1]. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 03 2000 date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 84 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | MAR 02 2000 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY F. DESLOOVER, ) | |
| ) | |
| Plaintiff, ) | No. 98 C 3854 |
| ) | |
| v. ) | Honorable Wayne R. Andersen |
| ) | |
| RICHARD C. DANIELS, JUNE ) | |
| PETERSON-GLEASON, MARTHA ) | |
| CERVANTES, and SUE GIRARI ) | |
| PATTON ) | |
| ) | |
| Defendants. ) | |
| ) | |

DOCKETED

MAR 0 3 2000

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion to dismiss plaintiff's complaint brought by defendant Richard C. Daniels. The motion is based on an agreed settlement and Fed. R. Civ. P. 60(b)(5). For the reasons stated below, we grant the motion to dismiss.

### BACKGROUND

Prior to May of 1996, Mary F. DeSloover and Daniels maintained a law partnership with an office in Waukegan, Illinois. They owned the partnership equally. On May 6, 1996, DeSloover filed a Complaint against Richard Daniels in the Circuit Court of Lake County for a Preliminary Injunction, Permanent Injunction, and Other Relief and an Emergency Motion for a Temporary Restraining Order. Mary F. DeSloover v. Richard C. Daniels, individually and as a Stockholder, Director, and Officer of, Richard C. Daniels & Associates, P.C., and Illinois Professional Corporation, Case No. 96 CH 396. The Complaint alleged difficulties encountered at their partnership.

On January 12, 1999, the parties, in open court, outlined to the Circuit Court the terms of a settlement agreement and requested time to reduce their agreement to writing. On May 26, 1999, the parties asked the Court for additional time to complete a written exposition of their agreement, so the Court that day ordered the attorneys to draft an agreement pursuant to a timetable set by the Court. On October 5, 1999, the Court concluded that DeSloover had in bad faith refused to sign the settlement agreement, so, on that date the Circuit Court entered an Order Dismissing the Case with Prejudice. The Judge signed the written Settlement Agreement on behalf of DeSloover. DeSloover has appealed to the Illinois Appellate Court.

Paragraph one of the Settlement Agreement executed by the judge on behalf of DeSloover provides: "Dismissal of the DeSloover Suit. DeSloover shall execute and cause to be filed with the United States District Court for the Northern District of Illinois, Eastern Division a stipulation to voluntarily dismiss, with prejudice, case No. 98 C 3854, styled <u>Mary F. DeSloover v. Richard C. Daniels, et al.</u>" Daniels argues that the dismissal with prejudice of the Lake County suit based on the Settlement Agreement providing that this federal action be dismissed has a *res judicata* effect on this federal action.

## DISCUSSION

The Order of the Circuit Court of Lake County has a preclusive effect upon this case. A judgment is preclusive even if an appeal is still pending. <u>Shaw v. Citizens State Bank of Shipman</u>, 185 Ill.App.3d 79, 540 N.E.2d 1132 (4th Dist. 1989).

For the doctrine of res judicata to apply in our proceedings, the judgment must concern that which was, or could have been, fully litigated in the first proceeding, not necessarily "tried" as DeSloover contends. <u>Fried v. Polk Brothers, Inc.</u>, 190 Ill.App.3d 871, 882, 546 N.E.2d 1160 (1989). This is the case here. DeSloover's arguments denying the existence of a settlement agreement on January 12, 1999, have already been heard and were rejected by the Circuit Court. Her arguments have been, or could have

2

been, fully litigated in the Circuit Court, precluding them from being reheard here. DeSloover cannot collaterally attack the Lake County Judgment in this court. Therefore, res judicata applies and the Complaint should be dismissed.

Furthermore, the Federal Rules of Civil Procedure fully protect DeSloover even if this case is dismissed with prejudice. Federal Rule of Civil Procedure 60(b)(5) may be invoked when either res judicata or collateral estoppel is applied. If DeSloover prevails in her appeal of the Circuit Court Order, she may move to reinstate her claim pursuant to Federal Rule of Civil Procedure 60(b)(5). This rule allows DeSloover to file a motion to reinstate the claim within a reasonable time. Therefore, dismissal of this case is proper.

## CONCLUSION

For the foregoing reasons, defendant Daniel's motion to dismiss the plaintiff's complaint is granted. This case is terminated.

It is so ordered.

Dated: March 2, 2000

_____
Judge Wayne R. Andersen